# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANA M. ELINICH, individually and on behalf of all persons similarly situated, | : | CIVIL ACTION |
| Plaintiff, | : | No. 2:12-01227-MSG |
| v. | : | CLASS ACTION |
| DISCOVER BANK, et al. | : | |
| Defendants. | : | |

FILED MAY 24 2012
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## REPLY BRIEF IN SUPPORT OF DISCOVER DEFENDANTS' MOTION TO COMPEL ARBITRATION OF PLAINTIFF'S INDIVIDUAL CLAIMS AND STAY PROCEEDINGS PENDING COMPLETION OF ARBITRATION

Defendants Discover Bank and DB Servicing Corporation (collectively, "Discover"), respectfully submit this short reply in support of their Motion to Compel Arbitration of Plaintiff's Individual Claims and Stay Proceedings Pending Completion of Arbitration (the "Arbitration Motion").

Discover's Arbitration Motion and accompanying Declaration of Jeff Naami demonstrated that: (a) Plaintiff entered into a Cardmember Agreement with Discover Bank in November 1999; (b) the 1999 Cardmember Agreement contained a broad arbitration provision that was amended over the years, and Plaintiff did not exercise her right to opt-out of arbitration or to reject any amendments to the arbitration provision; (c) Plaintiff's claims against Discover arising from its effort to collect her credit card debt fall within the scope of the arbitration provision; and (d) the arbitration provision is enforceable under the Federal Arbitration Act and the overwhelming weight of case law, including many decisions specifically enforcing Discover's arbitration clause.

Plaintiff's opposition brief does **not** dispute that she entered into the 1999 Cardmember Agreement attached as Exhibit 1 to the Naami Declaration; does **not** dispute that

her claims are encompassed within the sweeping ambit of the arbitration provision in that Cardmember Agreement; and does **not** dispute the enforceability of that arbitration provision. Indeed, plaintiff does not controvert either the facts in the Naami Declaration or the legal arguments set forth in Discover's Brief.

Instead, plaintiff's opposition to Discover's Arbitration Motion is based solely upon the fact that the Collection Complaint filed against her in state court had attached to it a 2011 iteration of the Cardmember Agreement. However, this clearly does not suffice to defeat the Arbitration Motion.

First and foremost, the fact that the Collection Complaint attached a recent Cardmember Agreement that plaintiff contends was not the "governing" contract has absolutely no bearing on the enforceability of the 1999 Cardmember Agreement attached to the Naami Declaration in this lawsuit. As noted above, **plaintiff does not deny that she entered into that Agreement**. Nor does she deny that her claim is encompassed within the scope of the arbitration clause in **that** Agreement.

Moreover, the Collection Complaint itself noted that the attached 2011 Cardmember Agreement was merely "[a]n exemplar copy of the written Cardmember Agreement containing **the terms and conditions governing said account at the time of default...**" (Collection Complaint at ¶ 9) (emphasis added). (A copy of the Collection Complaint is attached as Exhibit "A" to plaintiff's Complaint herein). Thus, the Collection Complaint did **not** assert that the 2011 Cardmember Agreement was the Agreement entered into by the parties in 1999, when plaintiff opened her Discover Card account.[1]

---

[1] Instead, the 2011 Cardmember Agreement set forth the terms and conditions that governed the account at the time of default, as it had incorporated the many amendments to the 1999 Cardmember Agreement that plaintiff indisputably entered into.

2

Simply put, since it is **undisputed** by plaintiff that she entered into the 1999 Cardmember Agreement, a valid arbitration agreement exists between the parties. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985). Plaintiff's arguments in opposition to the Arbitration Motion simply re-hash the same merits arguments she makes in her Complaint.[2] However, the law is clear that the merits cannot be considered when deciding an arbitration motion. *See, e.g., AT&T Technologies, Inc. v. Comm. Workers of Am.*, 475 U.S. 643, 649-50 (1986) ("in deciding whether the parties have agreed to submit a particular grievance to arbitration, a court is not to rule on the potential merits of the underlying claims"); *Rite Aid of PA, Inc. v. UFCW Union, Local 1776*, 595 F.3d 128, 131 (3d Cir. 2010); *PaineWebber, Inc. v. Hartmann*, 921 F.2d 507, 511 (3d Cir. 1990).

For the reasons set forth above and in the Arbitration Motion, Discover respectfully requests that the Court grant the Arbitration Motion.

Dated: May 23, 2012                                     Respectfully submitted,

/s/ Burt M. Rublin
Burt M. Rublin
Nathan W. Catchpole
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 665-8500
Facsimile: (215) 864-8999

*Attorney for Defendants Discover Bank and DB Servicing Corporation*

---

[2] *Compare* Complaint at ¶ 8 ("Plaintiff was issued a credit card in the year 1999; the Cardmember Agreement attempted to be used by Defendants as the contract governing the transaction is dated 2011.") *with* Plaintiff's Brief at p. 10 ("The 2011 Cardmember Agreement **CANNOT** represent the Cardmember Agreement to which Plaintiff purportedly agreed as the controlling document when she was issued the credit card in 1999.") (bold in original)