IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANA M. ELINICH, Individually and on Behalf of All Persons Similarly Situated : : Plaintiff, : : v. : : DISCOVER BANK, et al. : : Defendants. : : | | CIVIL ACTION No.  12-1227 |

# ORDER

**AND NOW**, this 29th day of January, 2013, upon consideration of Defendants Discover Bank, DB Servicing Corporation and Defendant Weltman, Weinberg, Reis, Co., L.P.A.'s "Motion[s] to Compel Arbitration of Plaintiff's Individual Claims and Stay Proceedings Pending Completion of Arbitration" (Doc. Nos. 15, 16), the responses and reply thereto, we find as follows:

1. This case arises from the alleged conduct of Defendants Discover Bank, DB Servicing Corporation and Weltman, Weinberg, Reis, Co., L.P.A. during a collections proceeding in the Court of Common Pleas, Bucks County.  Plaintiff, Diana M. Elinich, applied for and received a Discover credit card in 1999.  In 2011, Defendants Discover Bank and DB Servicing Corporation ("Discover Defendants") filed a lawsuit against Plaintiff in order to collect her outstanding credit card balance.  In the collection suit, the Discover Defendants were represented by Defendants Weltman, Weinberg, Reis, Co., L.P.A.

1

2. On March 9, 2012, Plaintiff filed a Class Action Complaint against the above-named Defendants, asserting claims for violations of the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. 1692a, et seq. and the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201-1 et seq. She alleges that Defendants have developed a scheme, whereby they sue Discover cardmembers for unpaid credit card debt, and during such suits, intentionally misrepresent the Cardmember Agreement that governs the contractual relationship between the parties. (Doc. No. 1.)

3. On May 7, 2012, Defendants filed a motion to compel arbitration of Plaintiff's individual claims and to stay the proceedings before this court pending the completion of arbitration.[1] In their motion, Defendants argue that Plaintiff entered into a Cardmember Agreement when she first opened her account in 1999, which "provides that use of her Discover Card constitutes acceptance of the terms of the Cardmember Agreement." (Doc. No. 15, p. 2; Ex. 1, p. 2.) The Cardmember Agreement was mailed to Plaintiff alongside her card when she first opened her account. (Id. at 1.) Plaintiff does not dispute that she used her card several times after receiving the Cardmember Agreement.

4. Defendants also point to several provisions within the 1999 Cardmember Agreement, one of which provides that "any past, present, or future claim or dispute . . . between [cardholder] and [Discover] arising from or relating to

---

[1] Discover Defendants filed a motion to compel arbitration (Doc. No. 15) separate and apart from that filed by Defendants Weltman, Weinberg & Reis, Co., L.P.A. (Doc. No. 16.) However, because the motions largely raise the same arguments, for convenience, we will refer to the motion filed by the Discover Defendants.

[cardholder's] Account . . . we may elect to resolve . . . by binding arbitration." (Id., Ex. 1, p. 8.)  The arbitration provision also applies and is "binding upon [Discover's] parent corporations, subsidiaries, affiliates (including, without limitation, Discover Financial Services, Inc.), predecessors, successors, assigns, as well as the officers, directors, and employees of each of these entities," as well as any third party named as a co-defendant.  (Id., Ex. 1, p. 9.)  The arbitration provision states that it shall survive termination of the account, payment in full by the cardholder, and any collection proceedings.  (Id., Ex. 1, p. 10.)

5. Additionally, Defendants note that the Cardmember Agreement contains a "change of terms" provision, allowing Discover Bank to amend the Agreement at any time.  In order to reject any such change in terms, the Agreement states that the cardholder must notify Discover of her objection in writing within fifteen days.  This provision further states that use of the account after the effective date of an amendment to the Agreement constitutes acceptance of the amendment. (Id., Ex. 1, p. 8.)  Defendants made a number of amendments to Plaintiff's account, to which she did not object, and which she accepted through use of the account.  (See Id., pp. 4-7, Exs. 2-9.)

6. Congress passed the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq., in order to counteract a "widespread judicial hostility to arbitration agreements." AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740, 1745 (2011).  The FAA "reflects an emphatic federal policy in favor of arbitral dispute resolution." Marmet Health Care Center, Inc. v. Brown, 132 S. Ct. 1201, 1203 (2012). Section 2 of the Act states, "a written provision in any . . . contract evidencing a

transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.  "A party to a valid and enforceable arbitration agreement is entitled to a stay of federal court proceedings pending arbitration as well as an order compelling such arbitration."  Alexander v. Anthony Int'l, L.P., 341 F.3d 256, 263 (3d Cir. 2003).

7. Under the FAA, courts assessing a motion to compel arbitration must conduct a two-step inquiry, determining: "(1) whether a valid agreement to arbitrate exists and (2) whether the particular dispute falls within the scope of that agreement." Trippe Mfg. Co. v. Niles Audio Corp., 401 F.3d 529, 532 (3d Cir. 2005).  A court may not, in conducting this analysis, consider the merits of a plaintiff's claims, Townsend v. Pinnacle Entm't, Inc., 457 Fed. Appx. 205, 207-08 (3d Cir. 2012) (citing Gay v. CreditInform, 511 F.3d 369, 386-87 (3d Cir. 2007)), but must instead "consider only narrow 'gateway matters' that touch on the question of arbitrability."  In re Pharmacy Benefit Managers Antitrust Litig., 700 F.3d 109, 116 (3d Cir. 2012).  "[R]esolution by the arbitrator remains the presumptive rule."  Id.

8. Plaintiff does not dispute that the 1999 Cardmember Agreement was given to her when she first received her card, nor does she dispute that she used the card numerous times after receiving the Agreement.  Instead, Plaintiff points to Defendants' argument in the present action, that the 2011 Cardmember Agreement was the appropriate governing contract at the time of the collection

    proceedings. Plaintiff asserts that Defendants may not advance such a defense, and also attempt to bind Plaintiff through the arbitration clause found in the 1999 Cardmember Agreement. However, this argument ignores the fact that in assessing the validity of an arbitration agreement under the FAA, we may not consider the merits of Plaintiff's claims. See Townsend, 457 Fed. Appx. at 207-08. At no point does Plaintiff deny that she received the 1999 Cardmember Agreement when she first opened her account, or that she accepted the Agreement. Arbitration agreements governing consumer financial accounts, such as that found here, have consistently been upheld by courts in this Circuit. See, e.g., Martin v. Discover Bank, 2012 WL 6197992 (E.D. Pa. Dec. 3, 2012). Therefore, we find that Defendants have successfully demonstrated that a valid arbitration agreement exists.

9.   Finally, the arbitration clause states that it applies to "any past, present, or future claim or dispute . . . between [Plaintiff] and [Discover] arising from or relating to [the] Account." (Doc. No. 15, Ex. 1, p. 2.) This broad provision clearly applies to the current dispute, and Plaintiff does not argue otherwise. The provision also benefits Discover Bank's "parent corporations, subsidiaries, affiliates . . . [and] any third party named as a co-defendant," which includes Defendants DB Servicing Corp. and Weltman, Weinberg, Reis, Co., L.P.A. (Id. at Ex. 1, p. 9.) Therefore, we find that Defendants have met their burden of demonstrating that the arbitration agreement is valid and applicable.

**WHEREFORE**, it is hereby **ORDERED** that:

— Defendants' "Motion[s] to Compel Arbitration of Plaintiff's Individual Claims and Stay Proceedings Pending Completion of Arbitration" (Doc. Nos. 15, 16) are **GRANTED**.

— Plaintiff, Diana M. Elinich, shall submit her claim to arbitration in accordance with the parties' arbitration agreement.

— The Clerk of Court is directed to mark this action **CLOSED** for statistical purposes and place this matter in the Civil Suspense File pending completion of the arbitration proceedings.  Counsel shall notify the court when arbitration proceedings have been completed.

                **BY THE COURT:**

                **/s/ Mitchell S. Goldberg**

                **Mitchell S. Goldberg**